Marcie E. Schaap, #4660
**ATTORNEY AT LAW, P.C.**
4760 S. Highland Dr. #333
Salt Lake City, UT 84117
Telephone: (801) 201-1642
Facsimile: (801) 272-6350
e-mail:   marcie.schaap@gmail.com

Attorney for Plaintiff

---

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| IHC HEALTH SERVICES, INC., dba PRIMARY CHILDREN'S HOSPITAL )<br><br>Plaintiff, )<br><br>v. )<br><br>WAL-MART STORES, INC., )<br><br>Defendant. ) | **COMPLAINT**<br><br>Case No. 2:15-cv-00846-BCW<br><br>Magistrate Judge Brooke C. Wells |

Plaintiff, through its undersigned counsel, complains and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1.      Plaintiff, IHC HEALTH SERVICES, INC. ("IHC" or "Plaintiff" herein), operates several

hospitals in the Intermountain Area, including PRIMARY CHILDREN'S HOSPITAL (the

"Hospital") in Salt Lake City, Utah.

1

2.    WAL-MART STORES, INC. ("Wal-Mart" or "Defendant" herein) is a foreign corporation.

3.    Wal-Mart provided an Employee Health and Welfare Plan (the "Plan") for its employees.

4.    Wal-Mart was, at all times relevant herein, the "Plan Administrator" of the Plan.

5.    Blue Advantage of Arkansas ("BAA") and Regence BlueCross BlueShield of Utah ("Regence") were, at all relevant times herein, agents of Wal-Mart.

6.    C.H. was a beneficiary of the Plan.

7.    C.H. was, at all times relevant herein, treated at the Hospital in Salt Lake City, Utah.

8.    C.H.'s mother signed an Assignment of Benefits ("AOB") in favor of the Plaintiff.

9.    Therefore, Plaintiff rightfully stands in the shoes of C.H. as the proper party to bring this suit as per the AOB.

10.   The Hospital provided medical services to C.H. as follows:

| Claim | Dates of Service (DOS) | Amt Billed | Amt Pd by Defendant | Amt Due |
|---|---|---|---|---|
| 1. | 12/03/12 to 12/06/12 | $39,069.13 | $21,782.62 | $17,286.51 |

11.   This is an action brought by the Plaintiff to collect amounts owed for unpaid medical bills, which the Defendant refuses to pay in full.

12.   This is an action brought under ERISA.   This Court has jurisdiction over this case under 29 U.S.C. §1132(e)(1).   Venue is appropriate under 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(c) because the communications during the administrative appeal process took place between the Plaintiff and the Defendant (or its agents) in the State of Utah, and the breaches of ERISA and the Plan occurred in the State of Utah.   Moreover, based on ERISA's

2

nationwide service of process provision and 28 U.S.C. §1391, jurisdiction and venue are appropriate in the District of Utah.

13. The remedies Plaintiff seeks under the terms of ERISA are for the benefits due under 29 U.S.C. §1132(a)(1)(B), for other appropriate equitable relief under 29 U.S.C. §1132(a)(3), and for interest and attorneys' fees under 29 U.S.C. §1132(g).

## FACTUAL BACKGROUND

### A.   Claims and Claim Processing

14. The Plaintiff's claim was submitted in a timely manner.

15. The Defendant (or its agents) denied the claim, contending that the treatment was for a Hospital Acquired Condition ("HAC").

16. C.H., a 15-year-old young man, first presented to the Emergency Department of the Hospital on December 3, 2012.

17. C.H. had progressive headaches starting in the occipital region and moving to the right side, as well as nausea and increased fatigue.

18. Upon physical examination it was discovered that C.H. was in need of a replacement of his ventriculoperitoneal (VP) shunt.

19. During surgery, injury occurred to vasculature structures during tunneling of the VP shunt catheter.

20. Injury to the right internal jugular vein occurred and was immediately repaired.

21. Despite careful attention to detail, this is a known risk for VP shunt placement.

22. C.H.'s treatment was medically necessary to replace his malfunctioning VP shunt and to manage complications.

23.      The Defendant denied payment for a portion of C.H.'s treatment, stating it would not pay for an HAC.

24.      The Plaintiff contacted the Defendant (or its agents) on numerous occasions to attempt to resolve any issues that the Defendant had with the claim.

25.      The Plaintiff sent appeal letters to the Defendant on three occasions:

         A.      July 29, 2014

         B.      December 02, 2014

         C.      July 03, 2015

26.      The Plaintiff has kept a record of communications it has had with the Defendant (or its agents) during the claims and appeal processes.

27.      A copy of all such communication records were sent to the Defendant (or its agents) prior to this litigation being filed.

28.      The Defendant has not paid the outstanding balance due to the Plaintiff for the treatment it rendered to C.H.

## B.   Amount Owed

29.      Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

30.      C.H. was treated by the Hospital on the dates stated in the table above.

31.      The Billed Charges for C.H.'s treatment were $39,069.13.

32.      The Defendant has paid only $21,782.62 for this claim (55.75% of Billed Charges).

33.      A balance of $17,286.51 is still due to the Plaintiff by the Defendant for the services it rendered to C.H.

## FIRST CAUSE OF ACTION
(Recovery of Plan Benefits Under 29 U.S.C. § 1132(a)(1)(B))

34.     Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

35.     The Plaintiff is a beneficiary of the Plan administered by Wal-Mart.

36.     Under ERISA, Wal-Mart, as Plan Administrator, and/or BAA and Regence (its agents), are fiduciaries to the Plan and its participants and beneficiaries under the terms of ERISA.

37.     The treatment the Hospital rendered to C.H. was medically necessary.

38.     The treatment the Hospital rendered to C.H. was not an HAC.

39.     The procedures performed by the Hospital during its treatment of C.H. do not appear on the Medicare HAC list.

40.     The Plaintiff has submitted to the Defendant (or its agents) all proof necessary to substantiate its claim for payment.

41.     The Defendant has breached its fiduciary duties by denying the Plaintiff's claim without support for its position.

42.     The Defendant has not fully reviewed or investigated all information sent to it by the Plaintiff, or available to it, which has caused the Defendant to partially deny this claim.

43.     The Defendant failed to offer the Plaintiff a "full and fair" review as required by ERISA.

44.     The Defendant failed to offer the Plaintiff "higher than marketplace standards," as required by ERISA. *MetLife v. Glenn*, 554 U.S. 105, 106, 128 S. Ct. 2343, 2345 (2008).

45.     The actions of the Defendant, as detailed above, are violations of ERISA, a breach of fiduciary duty, and a breach of the terms and provisions of the Plan.

5

46.   The actions of the Defendant have caused damage to the Plaintiff by denying full payment of medical benefits that should have been covered under the terms of the Plan.

47.   The Defendant is obligated to pay the benefits owed to the Plaintiff in the amount of $17,286.51, based on the Defendant's improper handling of this claim.

## SECOND CAUSE OF ACTION
(Breach of Fiduciary Duties Under 29 U.S.C. §§1104, 1109, and 1132(a)(2) and (3))

48.   Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

49.   The Defendant has breached its fiduciary duties under ERISA in the following ways:

A.   The Defendant has failed to discharge its duties with respect to the Plan:

1.   Solely in the interest of the participants and beneficiaries of the Plan and

2.   For the exclusive purpose of:

a.   Providing benefits to participants and their beneficiaries; and

b.   Defraying reasonable expenses of administering the Plan.

3.   With the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims;

4.   By failing to fully investigate the Plaintiff's claims.

5.   By failing to fully respond to the Plaintiff's appeals and requests for information in a timely manner.

6.   And in other ways to be determined as additional facts are discovered.

6

50.     The Defendant, in breaching its fiduciary duties under ERISA, has caused damage to the

        Plaintiff in the form of denied medical benefits.

51.     In addition, as a consequence of the Defendant's breach of fiduciary duties, the Plaintiff

        has been required to obtain legal counsel and file this action.

52.     Pursuant to ERISA and to the U.S. Supreme Court's recent ruling in <u>CIGNA Corp. v.</u>

        <u>Amara</u>, 131 S. Ct. 1866, 179 L.Ed. 2d 843 (2011), the Plaintiff's "make-whole relief"

        constitutes "appropriate equitable relief" under Section 1132(a)(3).

53.     Therefore, the Plaintiff is entitled to payment of the medical expenses it incurred, as well

        as an award of interest, attorney's fees and costs incurred in bringing this action pursuant

        to the provisions of 29 U.S.C. §1132(g).

### THIRD CAUSE OF ACTION
(Failure to Produce Plan Documents - 29 U.S.C. §§1024(b)(4) and 1132(c)(1))

54.     Plaintiff realleges and incorporates by reference all previous paragraphs as though fully set

        forth herein.

55.     The Plaintiff, or its agents, has requested a copy of the Summary Plan Description ("SPD")

        and Plan Document in writing from the Defendant, or its agents, on the following dates:

        A.      July 29, 2014

        B.      December 02, 2014

        C.      July 03, 2015

56.     The Defendant has failed or refused to send a copy of the SPD and Plan Document to the

        Plaintiff to date.

57.  The actions of the Defendant in failing to provide, within thirty (30) days after written requests were made, a copy of relevant Plan documents, as requested on numerous occasions by the Plaintiff, is a violation of the provisions of 29 U.S.C. §1024(b)(4).

58.  The violations of 29 U.S.C. §1024(b)(4) have damaged the Plaintiff by impeding its ability to determine the extent and scope of coverage under the Plan, hindering verification of the degree to which exclusions or limitations on coverage exist, impairing the Plaintiff's ability to pursue administrative appeal of the Plan's denial of payment, and hindering the Plaintiff's ability to determine whether the Defendant's denial was meritorious.

59.  In addition, as a consequence of the failure of the Defendant to provide the requested information in a timely manner, the Plaintiff has been required to obtain legal counsel and file this action.

60.  Pursuant to 29 U.S.C. § 1132(c)(1) and 29 C.F.R. § 2575.502c-3, the Plaintiff is entitled to payment of statutory damages of a maximum of $110.00 per day from thirty days after the date the information was requested to the date of the production of the requested documents, as well as an award of attorney's fees and costs incurred in bringing this action pursuant to the provisions of 29 U.S.C. § 1132(g).   Each new request begins a new and separate calculation.

61.  The maximum statutory damages which have accrued to date for the written requests which Plaintiff has made for the SPD and Plan Document is $100,650.00.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.  For judgment on Plaintiff's First Cause of Action in favor of the Plaintiff and against the Defendant pursuant to 29 U.S.C. §1132(a)(1)(B), for unpaid medical benefits in the amount

of $17,286.51, for attorneys' fees and costs incurred pursuant to 29 U.S.C. §1132(g), and for an award of pre- and post-judgment interest to the date of the payment of the interest claimed.

2.      For judgment on Plaintiff's Second Cause of Action in favor of the Plaintiff and against the Defendant pursuant to 29 U.S.C. 29 U.S.C. §§1104, 1109, and 1132(a)(2) and (3)), for breach of fiduciary duty and equitable damages in the form of unpaid medical benefits in the amount of $17,286.51, for attorneys' fees and costs incurred pursuant to 29 U.S.C. §1132(g), and for an award of pre- and post-judgment interest to the date of the payment of the interest claimed.

3.      Upon Plaintiff's Third Cause of Action, in the amount of $110.00 per day from 30 days following the date of each written request for plan documents, to the date of production of the requested documents against the Defendant, attorney's fees and costs incurred pursuant to 29 U.S.C. §1132(g), and post-judgment interest incurred to date of payment of the judgment.

For such other equitable relief under 29 U.S.C. §1132(a)(3) as the Court deems appropriate.

DATED this 1st day of December, 2015.

MARCIE E. SCHAAP, ATTORNEY AT LAW

By:   /s/ Marcie E. Schaap
                Attorney for Plaintiff